**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4857**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM LEON SALES,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver, Jr.,
District Judge.  (CR-04-81)

———————

Submitted:  March 31, 2006              Decided:  May 25, 2006

———————

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Edward H. Weis, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Charles T.
Miller, Acting United States Attorney, Monica K. Schwartz,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Following a jury trial, William Leon Sales was convicted of one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). Sales challenges the district court's denial of his motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Finding no error with the ruling, we affirm Sales' conviction.

We review the denial of a Rule 29 motion de novo. <u>United States v. Alerre</u>, 430 F.3d 681, 693 (4th Cir. 2005). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). We have "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" <u>Alerre</u>, 430 F.3d at 693 (quoting <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). We consider both circumstantial and direct evidence, "and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). Further, on appellate review, we "may not weigh the evidence or review the credibility of the witnesses." <u>United States v. Wilson</u>, 118 F.3d 228, 234 (4th Cir. 1997).

The elements of a violation of 18 U.S.C. § 922(g)(1) are that: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting interstate commerce, because the firearm had travelled [sic] in interstate or foreign commerce . . . ." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).

We find there was ample evidence supporting the jury's verdict. The parties stipulated to Sales' prior felony conviction, and the defense did not contest the Government's evidence that the firearm at issue, a .357 revolver, traveled in interstate commence. Thus, only the possession element was in dispute. Sales asserts on appeal that the Government failed to prove that he possessed the .357 revolver stated in the indictment. Even assuming the Government was required to prove that Sales possessed the particular weapon stated in the indictment, we conclude the evidence was sufficient to satisfy this burden.

Sales shot Chad Robinson seven times with a handgun. The Government presented both eyewitness testimony and testimony linking a shell casing recovered from the site of Robinson's shooting to the .357 revolver in question. Robinson testified that, immediately prior to being shot by Sales, he saw Sales with a "long, shiny gun." Robinson further testified he saw Sales with

this gun again when Sales used it to hit Robinson in the head after being shot. Robinson testified this gun was "just like" the .357 revolver introduced into evidence by the Government. Another eyewitness, Kristen Wilson, testified she saw a male with a silver gun approaching Robinson only seconds before Robinson was shot. Lieutenant Greg Young of the Kanawha County Sheriff's Department testified that he found the .357 revolver in a field behind the house to which Sales had fled following the shooting. Further, forensic testing established the shell casing recovered from the scene had been fired from the .357 revolver found by Lieutenant Young.

As this evidence, viewed in totality and in the light most favorable to the Government, establishes Sales possessed the particular .357 revolver at issue, we affirm the district court's denial of Sales' Rule 29 motion for a judgment of acquittal. Accordingly, we affirm Sales' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED